UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HUDSON, # 408204,

       Petitioner,                           Case number: 2:19-CV-12208
                                                  HON. GERSHWIN A. DRAIN

v.

MELINDA BRAMAN,

       Respondent.

_____,

## **OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

      This matter is before the Court on Petitioner William Hudson's ("Petitioner") pro se petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for carjacking, assault with intent to commit murder, and felony firearm. The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. On August 12, 2019, the Court directed Hudson to show cause why his petition should not be dismissed as time-barred under the applicable one-year statute of limitations. ECF No. 2. Petitioner responded to the Court's Show Cause Order on October 1, 2019. ECF No. 4. For the reasons set forth below, this Court will dismiss the petition as untimely.

I.  BACKGROUND

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted and sentenced as follows: 10 years, 10 months to 45 years for the assault and carjacking convictions, to be served concurrently with one another and consecutively to 2 years for the felony-firearm conviction. The Michigan Court of Appeals affirmed his convictions on direct appeal. *People v. Hudson*, No. 247706, 2004 WL 2291320 (Mich. Ct. App. Oct. 12, 2004). The Michigan Supreme Court then denied leave to appeal. *People v. Hudson*, No. 127550, 472 Mich. 939 (June 28, 2005).

On December 20, 2016, Petitioner filed a Motion for Relief from Judgment. The trial court denied the motion. *See* 1/24/2017 Order (ECF No. 1, PageID.57). The Michigan Court of Appeals denied his application for leave to appeal. *People v. Hudson*, No. 339350 (Mich. Ct. App. Sept. 14, 2017). On July 27, 2018, the Michigan Supreme Court also denied leave to appeal. *People v. Hudson*, No. 156752, 502 Mich. 936 (July 27, 2018).

On July 25, 2019, Petitioner filed the instant petition. ECF No. 1.

II.  LEGAL STANDARD AND ANALYSIS

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,

applies to all habeas petitions filed after its effective date, April 24, 1996. It imposes a one-year limitations period for all habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371–72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not reset the limitation period at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

The Michigan Supreme Court denied Petitioner's application for leave to appeal on June 28, 2005. Because Petitioner did not petition for a writ of certiorari with the United States Supreme Court, his conviction became final on September 26, 2005, when the time period for seeking certiorari expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The

limitations period commenced the following day, September 27, 2005, and continued to run, uninterrupted, until it expired 365-days later, on September 27, 2006. *See id.* (one-year limitations period commences the day after the expiration of the 90-day period for filing a petition for a writ of certiorari).

Petitioner filed his habeas petition on July 22, 2019, almost 13 years after the limitations period expired. His Motion for Relief from Judgment did not toll the limitations period because he filed the motion on December 20, 2016--over ten years after the limitations period expired. *Vroman*, 346 F.3d at 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it). The petition, therefore, is untimely unless the limitations period is equitably tolled.

The AEDPA's one-year limitations period is not a jurisdictional bar and is therefore subject to equitable tolling where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner argues in the instant case that he is entitled to equitable tolling of the limitations period based upon his mental illness.

A petitioner's mental incompetence can constitute an extraordinary

circumstance justifying equitable tolling of the one-year limitations period. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In *Ata*, the Sixth Circuit Court of Appeals held that in order to be entitled to equitable tolling for mental incompetence, the petitioner must show that he was mentally incompetent and that his incompetence caused the late filing. *Id*. at 742. The petitioner must show "a causal link between the mental condition and untimely filing." *Id.* A mental impairment "'might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance'" once obtained. *Stiltner v. Hart*, 657 Fed. App'x 513, 521 (6th Cir. 2016) (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Petitioner here fails to satisfy this standard. He states he suffers from "major depression, which interfered with his ability to understand the need for assistance, the ability to secure it, and the ability to cooperate with or monitor assistance once obtained." Pet'r's Resp. to Show Cause Order at 1 (ECF No. 4, PageID.96). In support of his claim, he submits two reports, dated September 4, 2015, and October 23, 2015, prepared by the MDOC Bureau of Health Care Services, in connection with mental health treatment he has received. Both reports indicate that Petitioner suffered from depression and difficulty with impulse

5

control at the time he was evaluated and prior to that time. The reports also show that he received counseling and medication for his symptoms. Petitioner presents no evidence that he continued to suffer from mental illness after October 2015.

Further, Petitioner presents no evidence that his mental illness caused his failure to file a timely petition. In fact, in 2007 and 2008, he filed two civil rights complaints in federal court. *See Hudson v. Phillipson*, No. 2:07-cv-00138 (W.D. Mich.); *Hudson v. Michigan Department of Corrections, et al.,* No. 2:08-cv-00208 (W.D. Mich.). A petitioner's ability to file other pleadings is relevant to whether there is a causal connection between a petitioner's mental condition and the ability to file a timely habeas petition. *See Bilbrey v. Douglas*, 124 Fed. App'x 971, 973 (6th Cir. 2005) (finding equitable tolling unavailable where petitioner, although experiencing "continuing mental health problems," continued to litigate in the state court); *Price v. Lewis*, 119 Fed. App'x 725, 726 (6th Cir. 2005) ("The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity.") (quotation omitted).

Lastly, the fact that Petitioner apparently received assistance from the prison legal writer program when pursuing state-court collateral review does not favor

6

equitable tolling. The Sixth Circuit has declined to equitably toll the limitations period when a petitioner who was claiming mental incompetence actively pursued claims "by seeking and obtaining help completing legal paperwork." *Id.*

Petitioner provides nothing more than speculation about how his mental illness (for which he provides no post-2015 substantiation) prevented him from timely filing. This is insufficient to justify tolling of the limitations period. *See McSwain v. Davis*, 287 Fed. App'x 450, 457–58 (6th Cir. 2008) ("[S]peculation about the impact of mental illness on the ability to timely file a habeas petition is not sufficient to warrant an evidentiary hearing."). The record simply does not support Petitioner's assertion that his mental illness was so severe that it was an "extraordinary circumstance [that] stood in his way and prevented timely filing." *Holland,* 560 U.S. at 649. The petition is therefore untimely and will be dismissed.

Finally, this Court must address the issue of a certificate of appealability. Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court issues a certificate, the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the petition for writ of habeas corpus and **DENIES** a certificate of appealability.

If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: October 28, 2019

                                                  s/Gershwin A. Drain
                                                  HON. GERSHWIN A. DRAIN
                                                  United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
October 28, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager